UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO.:

KAREN PRONKO,

    Plaintiff,

vs.

ACTS RETIREMENT-LIFE
COMMUNITIES, INC.,
A Foreign Not For Profit Corporation

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL AND REQUEST FOR INJUCTIVE AND DECLARATORY RELIEF

Plaintiff, KAREN PRONKO ("Ms. Pronko" or "Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against the Defendant, ACTS RETIREMENT-LIFE COMMUNITIES, INC, a Foreign Not For Profit Corporation, d/b/a SPONAUGLE WELLNESS INSTITUTE ("ACTS" or "Defendant"), and alleges the following:

1. Plaintiff brings these claims for religious-based discrimination, and retaliation in violation of Title VII and the Florida Civil Rights Act ("FCRA"), Chapter 760, Florida Statutes, and for violation of the Florida Whistleblower Act, Section 448.102(3), Florida Statutes ("FWA"). Plaintiff is seeking damages including back

pay, front pay, benefits, injunctive relief, compensatory damages, punitive damages, attorneys' fees and costs, and any other damages permitted by law.

## JURISDICTION

2. This Court has original jurisdiction over Plaintiff's Title VII claims as they arise under federal law, pursuant to Title VII.

3. This Court has supplemental jurisdiction over Plaintiff's FCRA and FWA claims, as they arise out of the same operative facts and circumstances as her Title VII claims.

4. The actions giving rise to this lawsuit occurred in Escambia County, Florida.

## CONDITIONS PRECEDENT

5. Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on or about May 9, 2022.

6. Plaintiff received her Right to Sue letter from the EEOC on January 11, 2023.

7. Plaintiff timely files this lawsuit and has complied with all administrative prerequisites.

8. All conditions precedent to this action have been satisfied and/or waived.

## VENUE

9. Venue is proper because Defendant conducts substantial business in Escambia County, Florida, and Plaintiff worked for Defendant in Escambia County, Florida, where the actions at issue took place.

## PARTIES

10. During all times relevant, Plaintiff lived in Escambia County, Florida.

11. Plaintiff is protected by Title VII/FCRA because:

    a. She was a female who suffered discrimination based on her religion by Defendant; and

    b. She suffered an adverse employment action and was subjected to an increasingly hostile work environment based on her religious beliefs, including being subjected to discrimination, and for objecting to religious based discrimination.

12. Defendant is a Foreign Not For Profit Corporation that provides retirement home services in Escambia County, Florida.

13. Defendant was at all material times an "employer" as defined by Title VII/FCRA as it employed in excess of fifteen (15) employees.

14. Defendant, at all times material to this Complaint, employed ten (10) or more employees, and is therefore a covered employer as defined by the FWA.

15. At all times material hereto, Plaintiff was an "employee" within the meaning of the FWA.

16. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FWA.

## GENERAL ALLEGATIONS

17. Ms. Pronko worked for ACTS, most recently as a Physical Therapist, from June 22, 2018, until November 30, 2021.

18. During her years with ACTS, Ms. Pronko was an excellent and reliable employee, and had no significant history of attendance, tardiness, or disciplinary issues.

19. On July 30, 2021, ACTS sent an "all staff" email demanding that every ACTS employee subject himself or herself to experimental "vaccines" for the COVID-19 virus.

20. ACTS provided no legal justification for making this demand of its employees, which threatened their autonomy, religious convictions, personal privacy, medical privacy, and bodily autonomy in violation of law.

21. Nor did ACTS promise to indemnify employees if they later manifested any of the thousands of adverse events reported by prior participants in the reckless COVID-19 "vaccination" experiment.

22. Employees were ordered to comply by September 1, 2021, or submit an application for medical or religious exemption from ACTS' mandate by August 20, 2021.

23. Prior to the religious exemption application deadline, Ms. Pronko submitted her well-reasoned and thoroughly-explained application for religious exemption from ACTS' mandate.

24. On September 8, 2021, Ms. Pronko learned that her application for religious exemption had been approved by ACTS.

25. However, on October 10, 2021, ACTS precipitately and without any cogent explanation rescinded Ms. Pronko's reasonable religious exemption from ACTS' unlawful mandate.

26. On October 15, 2021, Ms. Pronko objected to ACTS Supervisors Deirdre Groenen and Kaci Fitzpatrick that ACTS' actions constituted religious discrimination in violation of Title VII and the FCRA, and that ACTS' actions would soon be deemed illegal under Florida law.

27. On October 22, 2021, ACTS forwarded Ms. Pronko written correspondence advising Ms. Pronko that she "will be separated from Acts effective November 30, 2021" unless she subjected herself to one of the available "vaccines" for COVID-19 and provided proof of having done so prior to that date.

28. ACTS offered no cogent explanation for its reversal of its prior decision or for its decision to terminate Ms. Pronko unless she violated her bodily integrity and her sincerely-held religious beliefs.

29. In its letter, ACTS again failed to promise to indemnify employees if they

later manifested any of the thousands of adverse events reported by prior participants in the reckless COVID-19 "vaccination" experiment.

30. On November 18, 2021, Florida passed legislation outlawing forced COVID-19 vaccine mandates such as that put into effect by ACTS unless reasonable accommodation is offered to concerned employees.

31. Ms. Pronko reiterated her objections to her ACTS Managers, objecting that ACTS' actions constituted religious discrimination in violation of Title VII and the FCRA, and also violated, *inter alia*, Fla. Stat. § 501.201, et seq., including § 501.204; Fla. Stat. § 381.00317; and Fla. Stat. § 784.011.

32. Nevertheless, very shortly thereafter, on November 30, 2021, ACTS terminated Ms. Pronko's employment, effective immediately, without even discussing with Ms. Pronko the reasonable and lawful accommodations of religious exemption, COVID-19 immunity, periodic testing, or employer-provided personal protective equipment.

33. This was especially egregious in light of the fact that Ms. Pronko had already successfully applied, and been approved by ACTS for, a religious exemption from ACTS' draconian vaccine mandate, even before the offending mandate was made specifically unlawful by Florida's Legislature.

34. ACTS provided no cogent explanation for taking this extreme adverse employment action against Ms. Pronko in defiance of law.

35. It is clear that ACTS discriminated against Ms. Pronko based on religion, and terminated her employment in retaliation for her objections to the discrimination, and in retaliation for her objections to ACTS' various violations of law.

36. Any other "reason" theorized after the fact by ACTS for its termination of Ms. Pronko's employment is pure pretext. Subsequent investigation by the Office of Florida's Attorney General has confirmed that ACTS may indeed have violated Fla. Stat. § 381.00317.

37. Title VII and the FCRA prohibit employment practices that discriminate against any individual on the basis of his or her religion. *See, e.g.*, *Smart v. City of Miami Beach, Fla.*, No. 10-21667-CIV, 2011 WL 5825654, at *3 (S.D. Fla. Nov. 6, 2011).

38. Discrete acts of such discrimination can include, but are not limited to, termination, failure to promote, and refusal to hire. *See id*.

39. Courts have interpreted Title VII's prohibition against religious discrimination to preclude employers such as ACTS from discriminating against an employee because of the employee's religion as well as because the employee fails to comply with the employer's religion. *See, e.g.*, *Pedreira v. Ky. Baptist Homes for Children, Inc.*, 579 F. 3d 722 (6th Cir. 2009).

40. Title VII is a neutral provision which entitles every employee to a reasonable accommodation of his or her religious beliefs and practices. *See Telfair v. Federal Express Corp.*, 934 F.Supp.2d 1368, 1381 (S.D. Fla. 2013).

41. ACTS' actions described above are also the very definition of illegal conduct under the whistleblower statute, and the timing of same makes this abundantly clear. *See Aery v. Wallace Lincoln–Mercury, LLC,* 118 So. 3d 904, 916 (Fla. 4th DCA 2013) (To establish a violation of the Florida Whistleblower law, an employee must establish that: (1) [s]he objected to or refused to participate in an illegal activity, policy, or practice; (2) [s]he suffered an adverse employment action; and (3) the adverse employment action was causally linked to his/her objection or refusal).

42. We believe that a jury will find that ACTS' actions, **the timing of Ms. Pronko's termination**, and the surrounding circumstances create more than a sufficient showing of pretext. Accordingly, we intend to move forward with this matter vigorously.

## COUNT I
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

43. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1, 3, 4, 9 through 10, 12, 14 through 44, and 47 through 49 of the Complaint as if fully set forth in this Count.

44. On November 30, 2021, Defendant discharged Plaintiff from her employment in violation of Section 448.102(3), Florida Statutes.

45. Plaintiff was retaliated against and constructively discharged in violation of Section 448.102(3), Florida Statutes, for objecting to illegal activity and refusing to participate in same, or what she reasonably believed to be illegal activity, being conducted by Defendant, and for Defendant failing to take any remedial measure in response to her protected activity.

46. Plaintiff objected to a violation of a law, rule, or regulation, or what she reasonably believed to be a violation of a law, rule, or regulation, or refused to participate in same, and was constructively discharged as a direct result of same, which constitutes a violation of the FWA.

47. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as hher costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II
## RELIGIOUS DISCRIMINATION
## IN VIOLATION OF TITLE VII

48. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2, 4 through 13, 17 through 21, 30 through 43, and 45 through 59 of the Complaint, as if fully set forth in this Count.

49. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against religious-based discrimination under Title VII.

50. The discrimination/harassment to which Plaintiff was subjected was severe and was based on her religious beliefs.

51. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

52. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

53. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

**WHEREFORE**, Plaintiff requests judgment in her favor and against

Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### COUNT III
### RELIGIOUS DISCRIMINATION
### IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

54. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 3 through 13, 17 through 21, 30 through 43, and 45 through 59 of the Complaint, as if fully set forth in this Count.

55. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against religious-based discrimination under the FCRA.

56. The discrimination/harassment to which Plaintiff was subjected was severe and was based on her religious beliefs.

57. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

58. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive

damages against Defendant, to deter it, and others, from such conduct in the future.

59. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to FCRA.

60. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

61. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed just and proper by this Court.

### COUNT IV
### RETALIATION IN VIOLATION OF TITLE VII

62. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2, 4 through 13, 17 through 21, 30 through 43, and 45 through 59 of the Complaint, as if fully set forth in this Count.

63. Plaintiff was constructively discharged within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her religious and subjected to religious harassment and for her request for religious

accommodation.

64. Plaintiff's objections and request for accommodation constituted protected activity under Title VII.

65. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be religious discrimination and religious harassment.

66. Plaintiff's objections to Defendant's illegal conduct, and her discharge, are causally related.

67. Defendant's stated reasons for Plaintiff's discharge are a pretext.

68. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

69. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing religious discrimination and harassment under the Title VII.

70. Defendant retaliated against Plaintiff because of her opposition to Defendant's illegal, discriminatory conduct.

71. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive

damages against Defendant, to deter it and others from such conduct in the future.

72. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

73. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed just and proper by this Court.

## COUNT V
## RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

74. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 3 through 13, 17 through 21, 30 through 43, and 45 through 59 of the Complaint, as if fully set forth in this Count.

75. Plaintiff was constructively discharged within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her religious beliefs and for her requests for a religious accommodation.

76. Plaintiff's objections and request for accommodation constituted protected activity under FCRA.

77. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be religious discrimination and religious harassment.

78. Plaintiff's objections to Defendant's illegal conduct, and her discharge, are causally related.

79. Defendant's stated reasons for Plaintiff's discharge are a pretext.

80. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

81. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing religion-based discrimination under the FCRA.

82. Defendant retaliated against Plaintiff because of her opposition to Defendant's illegal, discriminatory conduct.

83. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

84. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

85. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed just and proper by this Court.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted on this 21st day of February, 2023.

> By: **/s/ Noah Storch**
> Noah Storch, Esq.
> Florida Bar No. 0085476
> Email: noah@floridaovertimelawyer.com
> RICHARD CELLER LEGAL, P.A.
> 10368 W. SR. 84, Suite 103
> Davie, FL 33324
> Telephone: (866) 344-9243
> Facsimile: (954) 337-2771
>
> *Attorney for the Plaintiff*